SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
================================X
DOREEN DONOVAN,

                          Plaintiff,

    -against-

GARY BARRERO AGUERO, ALBA WINE AND
SPIRITS WAREHOUSING AND DISTRIBUTION, LLC,
and PENSKE TRUCK LEASING CORPORATION,

                         Defendants.
================================X

Date Filed:
Index:

**SUMMONS**

Plaintiff designates
KINGS
as place of trial

The basis of the venue is:
Situs of Occurrence

TO THE ABOVE NAMED DEFENDANTS:

      **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
       May 9, 2022

The nature of this action is for injuries sustained as a result of the defendants' negligence. The relief sought is monetary damages.

                              **ELEFTERAKIS, ELEFTERAKIS & PANEK**

                              ---------------------------------------------
                              BY: NICHOLAS ELEFTERAKIS, ESQ.
                              *Attorneys for Plaintiff*
                              80 Pine Street, 38th Floor
                              New York, N.Y. 10005
                              (212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from March 22, 2022.**

<u>Defendants:</u>
**GARY BARRERO AGUERO**
8098 90th Road, First Floor
Queens, NY

**ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**
2711 Centerville Road, Suite 400
Wilmington, DE 19808

**PENSKE TRUCK LEASING CORPORATION**
2675 Morgantown Road
PO Box 563
Reading, PA 19603

**PENSKE TRUCK LEASING CORPORATION**
C/O CORPORATION SERVICE COMPANY
80 State Street
Albany, NY 12207

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS
================================X   Index No:
DOREEN DONOVAN,

                Plaintiff,                                              **VERIFIED COMPLAINT**

              -against-

GARY BARRERO AGUERO, ALBA WINE AND SPIRITS
WAREHOUSING AND DISTRIBUTION, LLC, and
PENSKE TRUCK LEASING CORPORATION,

                Defendants.
================================X

Plaintiff, by her attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for her Verified Complaint, respectfully alleges, upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

1. The plaintiff, **DOREEN DONOVAN**, at all times herein mentioned was and still is a resident of the State of New York.

2. The defendant, **GARY BARRERO AGUERO**, at all times herein mentioned was and still is a resident of the State of New York.

3. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

4. That at all the times hereinafter alleged, and upon information and belief, Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

5. That at all of the times hereinafter mentioned, and upon information and belief, Defendant,

**ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, maintained a principal place of business in the State of New York.

6. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, conducted and carried on business in the State of New York.

7. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, transacted business within the State of New York.

8. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

9. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, expected or should have reasonably expected its acts to have consequences in the State of New York.

10. That at all of the times hereinafter mentioned, and upon information and belief, the defendant, **PENSKE TRUCK LEASING CORPORATION**, was a domestic corporation duly organized and existing under and by virtue of the Laws of the State of New York.

11. That at all the times hereinafter alleged, and upon information and belief, Defendant, **PENSKE TRUCK LEASING CORPORATION**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

12. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **PENSKE TRUCK LEASING CORPORATION**, maintained a principal place of business

in the State of New York.

13. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **PENSKE TRUCK LEASING CORPORATION**, conducted and carried on business in the State of New York.

14. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **PENSKE TRUCK LEASING CORPORATION**, transacted business within the State of New York.

15. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **PENSKE TRUCK LEASING CORPORATION**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

16. That at all of the times hereinafter mentioned, and upon information and belief, Defendant, **PENSKE TRUCK LEASING CORPORATION**, expected or should have reasonably expected its acts to have consequences in the State of New York.

17. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO**, owned a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

18. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** was the lessee of a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

19. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** was the lessor of a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

20. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** maintained a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

21. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** controlled a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

22. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** operated a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

23. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** operated, maintained and controlled a certain automobile with license plate XGUH89 as issued by the State of New Jersey with consent of its owner.

24. On or about March 22, 2022, defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, owned a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

25. On or about March 22, 2022, defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC** was the lessee of a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

26. On or about March 22, 2022, defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC** was the lessor of a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

27. On or about March 22, 2022, defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC** maintained a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

28. On or about March 22, 2022, defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC** controlled a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

29. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** operated, maintained and controlled a certain automobile with license plate XGUH89 as issued by

the State of New Jersey with consent of its owner defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC.**

30. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** operated, maintained and controlled a certain automobile with license plate XGUH89 as issued by the State of New Jersey during the course of his employment with defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC.**

31. On or about March 22, 2022, defendant, **PENSKE TRUCK LEASING CORPORATION**, owned a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

32. On or about March 22, 2022, defendant, **PENSKE TRUCK LEASING CORPORATION** was the lessee of a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

33. On or about March 22, 2022, defendant, **PENSKE TRUCK LEASING CORPORATION** was the lessor of a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

34. On or about March 22, 2022, defendant, **PENSKE TRUCK LEASING CORPORATION** maintained a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

35. On or about March 22, 2022, defendant, **PENSKE TRUCK LEASING CORPORATION** controlled a certain automobile with license plate XGUH89 as issued by the State of New Jersey.

36. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** operated, maintained and controlled a certain automobile with license plate XGUH89 as issued by

the State of New Jersey with consent of its owner defendant, **PENSKE TRUCK LEASING CORPORATION**.

37. On or about March 22, 2022, defendant, **GARY BARRERO AGUERO** operated, maintained and controlled a certain automobile with license plate XGUH89 as issued by the State of New Jersey during the course of his employment with defendant, **PENSKE TRUCK LEASING CORPORATION**.

38. At all times hereinafter mentioned, the roadway known as Shore Parkway at or near its intersection with Sheepshead Bay Road in Kings County, State of New York, was a public roadway and thoroughfare in common use by the residents of the State of New York, and others.

39. That on March 22, 2022, the plaintiff, **DOREEN DONOVAN**, was the driver in a motor vehicle with license plate JRJ6386 as issued by the State of New York at the location described.

40. That on March 22, 2022, at the aforesaid location, the defendants' motor vehicle came in contact with plaintiff's motor vehicle.

41. That the aforesaid accident and injuries resulting therefrom were due solely and wholly as a result of the careless, reckless, wrongful, willful and negligent manner in which the defendant, **GARY BARRERO AGUERO**, operated and controlled their motor vehicle, without this plaintiff, **DOREEN DONOVAN**, in any way contributing thereto.

42. That by reason of the foregoing and the negligence of the defendants, the Plaintiff, **DOREEN DONOVAN** was severely injured, bruised and wounded, some of which injuries are permanent in nature and duration, suffered, still suffers and will continue to suffer for

some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

43. That by reason of the foregoing, the Plaintiff, **DOREEN DONOVAN**, was compelled and did necessarily require medical aid and attention, and did necessarily pay and become liable for medicines and upon information and belief, the Plaintiff will necessarily incur similar expenses.

44. That by reason of the foregoing, the Plaintiff, **DOREEN DONOVAN**, has been and will be unable to attend to her usual occupation in the manner required.

45. The aforesaid accident was due solely as a result of the defendants' negligence, gross negligence, recklessness, and carelessness in the operation of said vehicle.

46. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

47. That by reason of the wrongful, reckless, negligent and unlawful actions of the defendants, as aforesaid, the Plaintiff, **DOREEN DONOVAN**, sustained serious injuries as defined in Section 5102 (d) of the Insurance Law of the State of New York, and has sustained economic loss greater than basic economic loss as defined in Section 5102 of the said Insurance Law.

48. That Plaintiff, **DOREEN DONOVAN**, is a 'covered person' as defined by section 5102 (j) of the Insurance Law of the State of New York.

49. That Plaintiff is entitled to recover for non-economic loss and for such economic losses as are not included within the definition of 'basic economic loss' as set forth in section 5102(a) of the Insurance Law of the State of New York.

50. That Plaintiff is entitled to recovery for non-economic loss and for all economic losses sustained.

51. This action falls within one or more of the exceptions set forth in Section 1602 of the Civil Practice Law and Rules.

52. That pursuant to CPLR Section 1602(2) (iv), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants owed Plaintiff a non-delegable duty of care.

53. That pursuant to CPLR Section 1602(7), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants acted with reckless disregard for the safety of others.

54. That pursuant to CPLR Section 1602(6), Defendants are liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that Defendants should be held liable by reason of Defendants' use, ownership or operation of a motor vehicle.

55. That pursuant to CPLR Section 1602(2) (iv), Defendant owner is liable for all of Plaintiff's damages, including but not limited to Plaintiff's non-economic loss, irrespective of the provisions of the CPLR Section 1601, by reason of the fact that said is vicariously liable for the negligent acts and omissions of Defendant operator of said vehicle.

56. That by reason of the foregoing, Plaintiff, **DOREEN DONOVAN**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which

would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

## AS AND FOR A SECOND CAUSE OF ACTION

57. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 57 inclusive, with the same force and effect as though more fully set forth at length herein.

58. Defendant, **GARY BARRERO AGUERO**, at all times hereinafter mentioned, was an agent, servant and/or employee of defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC.**

59. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC,** managed the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

60. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC** controlled the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

61. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, maintained the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

62. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, inspected the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

63. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, supervised the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

64. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, trained its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

65. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of a driver.

66. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their employees, specifically defendant **GARY BARRERO AGUERO** for the position of a driver.

67. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of a driver specifically defendant, **GARY BARRERO AGUERO**.

68. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees, specifically defendant **GARY BARRERO AGUERO** for the position of a driver.

69. Defendant, **ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained drivers, specifically, **GARY BARRERO AGUERO**.

70. Defendant, **GARY BARRERO AGUERO**, at all times hereinafter mentioned, was an agent, servant and/or employee of defendant, **PENSKE TRUCK LEASING**

FILED: KINGS COUNTY CLERK 05/10/2022
Case 1:22-cv-04407-FK-RLM Document 1-2 Filed 07/27/22 Page 13 of 17 PageID #: 20
NYSCEF DOC. NO. 1
INDEX NO. 512646/2022
RECEIVED NYSCEF: 05/10/2022

CORPORATION.

71. Defendant, **PENSKE TRUCK LEASING CORPORATION,** managed the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

72. Defendant, **PENSKE TRUCK LEASING CORPORATION** controlled the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

73. Defendant, **PENSKE TRUCK LEASING CORPORATION**, maintained the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

74. Defendant, **PENSKE TRUCK LEASING CORPORATION**, inspected the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

75. Defendant, **PENSKE TRUCK LEASING CORPORATION**, supervised the activities of its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

76. Defendant, **PENSKE TRUCK LEASING CORPORATION**, trained its agents, servants and/or employees, specifically defendant **GARY BARRERO AGUERO**.

77. Defendant, **PENSKE TRUCK LEASING CORPORATION**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly test and/or screen applicants for the position of a driver.

78. Defendant, **PENSKE TRUCK LEASING CORPORATION**, by its agents, servants, employees, agencies and/or all departments, failed to adequately and properly train their

employees, specifically defendant **GARY BARRERO AGUERO** for the position of a driver.

79. Defendant, **PENSKE TRUCK LEASING CORPORATION**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly hired applicants for the position of a driver specifically defendant, **GARY BARRERO AGUERO**.

80. Defendant, **PENSKE TRUCK LEASING CORPORATION**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly trained employees, specifically defendant **GARY BARRERO AGUERO** for the position of a driver.

81. Defendant, **PENSKE TRUCK LEASING CORPORATION**, by its agents, servants, employees, agencies and/or all departments, carelessly, negligently and recklessly retained drivers, specifically, **GARY BARRERO AGUERO**.

82. By reason of the foregoing, the Plaintiff was caused to suffer severe and serious personal injuries to mind and body, and further, that the Plaintiff was subjected to great physical pain and mental anguish.

83. That by reason of the foregoing, Plaintiff, **DOREEN DONOVAN**, was damaged in an amount which exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

## AS AND FOR A THIRD CAUSE OF ACTION

84. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 84 inclusive, with the same force and effect as though more fully set forth at length herein.

85. That on or about March 22, 2022, plaintiff, **DOREEN DONOVAN,** was the owner of a 2003 Hyundai motor vehicle with license plate number JRJ6386 as issued by the State of New York.

86. By reason of the foregoing, the Plaintiff, **DOREEN DONOVAN's** vehicle was damaged, thereby necessitating repairs/and or the replacement thereof.

87. That by reason of the foregoing, plaintiff has sustained property damages.

88. Due to Defendants' negligence, Plaintiff, **DOREEN DONOVAN**, is entitled to damages.

89. That no portion of the aforementioned amount has been paid by other sources.

90. That as a result of the foregoing, the plaintiff, **DOREEN DONOVAN**, has been damaged in a sum which exceeds the jurisdictional limits of all lower courts.

**WHEREFORE**, plaintiff, **DOREEN DONOVAN**, demands judgments against the defendants in an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction all together with the costs and disbursements of this action. Plaintiff seeks punitive damages. Plaintiff demands a jury trial.

Dated: New York, New York
      May 9, 2022

                                ELEFTERAKIS, ELEFTERAKIS & PANEK

                                By:_____
                                   Nicholas Elefterakis, Esq.
                                   *Attorneys for Plaintiff*
                                   80 Pine Street, 38th Floor
                                   New York, New York 10005
                                   (212) 532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
                                        )
COUNTY OF NEW YORK ) SS:

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
           May 9, 2022

                                                                             Nicholas Elefterakis, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF KINGS

DOREEN DONOVAN,

                Plaintiff,

        -against-

GARY BARRERO AGUERO, ALBA WINE AND SPIRITS WAREHOUSING AND DISTRIBUTION, LLC, and PENSKE TRUCK LEASING CORPORATION,

                Defendants.

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

**Summons and Verified Complaint**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:

    Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:

    I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
May 9, 2022

                                                             Nicholas Elefterakis, Esq.

PLEASE TAKE NOTICE

( )    that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( )    that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on at

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116