UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
DOREEN DONOVAN,

                         **Plaintiff,**                  **REPORT AND
RECOMMENDATION**

            -against-                    22-CV-4407 (EK)

GARY BARRERO AGUERO, et al.,

                     **Defendants.**
---------------------------------------------------------------x

ROANNE L. MANN, UNITED STATES MAGISTRATE JUDGE:

On July 27, 2022, defendants Gary Barrero Aguero and Alba Itzel Express, LLC s/h/a Alba Wine and Spirits Warehousing and Distribution, LLC ("the removing defendants") removed this personal injury action from state court based on the ground that the parties are citizens of different states and the amount in controversy exceeds $75,000.  See Notice of Removal (July 27, 2022), Electronic Case Filing Docket Entry ("DE") #1.  Their Notice of Removal suffers from a series of defects.  For the reasons set forth below, this Court recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction and for a procedural defect.

## DISCUSSION

I.     **Subject Matter Jurisdiction**

Under 28 U.S.C. § 1447(c), a federal court may *sua sponte* remand an action at any time for lack of subject matter jurisdiction.  See Mitskovski v. Buffalo & Fort Erie Pub. Bridge Auth., 435 F.3d 127, 133 (2d Cir. 2006); Hamilton v. Aetna Life & Cas. Co., 5 F.3d 642, 643-44 (2d Cir. 1993); 28 U.S.C. § 1447(c).  The party seeking removal to federal court

bears the burden of establishing that the requirements for diversity jurisdiction have been met.

See Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000); Lupo v.

Human Affairs Int'l, Inc., 28 F.3d 269, 273 (2d Cir. 1994).

A. *Amount in Controversy*

While stating that "[t]he amount in controversy exceeds $75,000[,]" id. ¶ Ninth, the

Notice of Removal fails to explain its conclusory assertion that plaintiff's damages exceed the

jurisdictional threshold for diversity jurisdiction.  The Complaint itself does not supply the

requisite information.  The Complaint's allegation that plaintiff suffered "severe and serious

personal injuries," Complaint ¶ 46, DE #1-1, is insufficient to sustain defendants' burden of

showing that the $75,000 jurisdictional threshold has been met.  See Islam v. Hertz Vehicles,

LLC, 20-CV-4515 (PKC) (RLM), 2020 WL 5893965, at *2 (E.D.N.Y. Oct. 5, 2020)

(remanding case because "general" allegations based on Article 51 of New York Insurance

Law "are not enough" to support federal diversity jurisdiction); King v. J.B. Hunt Transport,

Inc., 20-CV-5310 (PKC) (RER), 2020 WL 6545905, at *2 (E.D.N.Y. Nov. 6, 2020); Walker

v. Rodgers, Case No. 1:15 CV 07376 (PKC) (MDG), 2016 WL 236223, at *2 (E.D.N.Y. Jan.

19, 2016) (defendants failed to meet their burden to show that jurisdictional amount was

satisfied where defendant provided no supporting factual allegations beyond alleging that

plaintiff sustained "'serious and sever[e] personal injuries'"); Herrera v. Terner, 16-cv-4610

(DLI) (JO), 2016 WL 4536871, at *2 (E.D.N.Y. Aug. 30, 2016) ("boilerplate pleadings do

not suffice to establish that this action involves an amount in controversy adequate to support

federal diversity jurisdiction").  Nor is the monetary threshold for diversity jurisdiction

satisfied by the pleading's allegation that plaintiff "was damaged in an amount that exceeds the monetary jurisdictional limits of any and all lower Courts which would otherwise have jurisdiction," Complaint ¶ 56, DE #1-1, since the jurisdictional limitation of the lower civil courts of New York is $25,000, Elivert v. Ferreira, 22-CV-208 (PKC), 2022 WL 2467592, at *1 (E.D.N.Y. Jan. 19, 2022) (citing cases); Islam, 2020 WL 5893965, at *2; King, 2020 WL 6545905, at *2.  Where, as here, "the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish that the amount in controversy exceeds the jurisdictional amount, federal courts lack diversity jurisdiction as a basis for removing the plaintiff's action from state court."  Lupo, 28 F.3d at 273-74.

The removing defendants were not without a remedy when they were served with a summons and complaint lacking an *ad damnum*.  Under New York law, a defendant "may at any time request a supplemental demand setting forth the total damages to which the pleader deems himself entitled."  N.Y. C.P.L.R. § 3017(c).  If the plaintiff fails to serve a supplemental demand "within fifteen days [of the request], the court, on motion, may order that it be served."  N.Y. C.P.L.R. § 3017(c).  The removing defendants should have availed themselves of the state's procedures rather than removing the action to this Court without the proper basis on which to do so.  See O'Neill v. Target Corp., 21-CV-3262 (PKC) (ARL), 2021 WL 2634880, at *3 (E.D.N.Y. June 25, 2021) (collecting cases); Faktorovich v. Fleet Car Lease, Inc., 17-CV-1824 (DLI)(LB), 2017 WL 1331264, at *2 (E.D.N.Y. Apr. 10, 2017); accord De Garcia v. Tropicana Ent. Inc., 22-CV-12 (AMD) (JRC), 2022 WL 375996,

at *3 (E.D.N.Y. Feb. 8, 2022).

      B.  *Diversity of Citizenship*

      Moreover, the removing defendants have not (1) identified all members of defendant Alba Itzel Express, LLC or all partners of defendant Penske Truck Leasing Co., L.P. ("Penske"), and (2) affirmatively alleged the citizenship of those members or partners. The citizenship of an LLC for diversity purposes is the citizenship of each of its members. See Bayerische Landesbank v. Aladdin Cap. Mgmt. LLC, 692 F.3d 42, 49 (2d Cir. 2012). Likewise, a limited partnership has the citizenship of each of its general and limited partners. See Carden v. Arkoma Assocs., 494 U.S. 185, 195 (1990). The identity and citizenship of each member or partner must be specifically alleged. See United States Liab. Ins. Co. v. M Remodeling Corp., 444 F.Supp.3d 408, 410 (E.D.N.Y. 2020); see also S.D.N.Y./E.D.N.Y. Local Civil Rule 81.1 (requiring Notice of Removal to identify citizenship of each partner or member of "partnership, limited liability partnership, limited liability company, or other unincorporated association"). Thus, the notice of removal is clearly deficient with respect to diversity of the parties.[1] See Daversa v. Cowan Equip. Leasing, LLC, 20-CV-0163 (WFK), 2020 WL 1866585, at *2 (E.D.N.Y. Jan. 14, 2020) (recommending that the action be remanded *sua sponte* for lack of jurisdiction because diversity of citizenship was not properly alleged in that limited liability company was treated as if it were a corporation), adopted, 2020 WL 967436 (E.D.N.Y. Feb. 28, 2020); Henriquez v. NRT Transp. LLC, 19-CV-3320

---

[1] In addition, while the removing defendants allege that individual defendant Barrero Aguero is a citizen of New Jersey, see Notice of Removal ¶ Fifth, other portions of the record imply that he resides in Queens, New York, see [Penske's] Verified Answer with Cross-claims at p. 11, DE #1-2; if so, complete diversity would be lacking, as plaintiff is a citizen of New York, see Notice of Removal ¶ Fourth.

(ARR), 2019 WL 3083161, at *2 (E.D.N.Y. June 25, 2019), adopted, 2019 WL 3081188 (E.D.N.Y. July 15, 2019); Sessing v. Gateway Ctr. Props., LLC, No. 09 Civ. 2485(BMC), 2009 WL 1918162, at *1 (E.D.N.Y. June 30, 2009).

## II.      Procedural Requirement - Rule of Unanimity

In addition, the Notice of Removal suffers from a procedural defect.  "When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A). Failure to do so is a "fatal procedural defect" that warrants remand.  See Bedminster Fin. Grp., Ltd. v. Umami Sustainable Seafood, Inc., No. 12 Civ. 5557(JPO), 2013 WL 1234958, at *6 (S.D.N.Y. Mar. 26, 2013); see also Taylor v. Medtronic, Inc., 15 F.4th 148, 152 (2d Cir. 2021) (finding "a clear statutory command from Congress that all defendants must consent to removal within thirty days of service"); Amparo v. City of Yonkers, 21-CV-02672 (PMH), 2021 WL 2313468, at *1 (S.D.N.Y. May 10, 2021).  Here, the Notice of Removal is silent as to whether defendant Penske Truck Leasing Co., L.P. consented to removal.

## CONCLUSION

For the foregoing reasons, the Court respectfully recommends that this action be remanded *sua sponte* to Supreme Court, Kings County, for lack of jurisdiction and for a procedural defect.

Any objections to this Report and Recommendation must be filed with the Honorable Eric Komitee on or before **August 15, 2022**.  Failure to file objections in a timely manner may waive a right to appeal the District Court order.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

6(a)(1), 72(b)(2); <u>Small v. Sec'y of Health & Human Servs.</u>, 892 F.2d 15, 16 (2d Cir. 1989).

      **SO ORDERED.**

**Dated:**      **Brooklyn, New York**
           **August 1, 2022**

              /s/    *Roanne L. Mann*
              **ROANNE L. MANN**
              **UNITED STATES MAGISTRATE JUDGE**